**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                     **Case No.  8:06-CR-294-T-17-MSS**

**FREDERICK BEN WEBB, JR.**

_____

**REPORT AND RECOMMENDATION**

THIS CAUSE COMES before the Court for consideration of Defendant's *ore tenus* Motion to Dismiss the Case and be Discharged From Custody, which was heard on August 11, 2006.

FINDINGS OF FACT

The finding of facts along with the undisputed facts are set forth below:

1.      On November 16, 2005, the United States filed a criminal complaint against Frederick Webb, alleging wire fraud in violation of 18 U.S.C. § 1343.

2.      The Complaint alleged that from October 11, 2002, up to and including February 25, 2004, Webb did execute and attempt to execute a scheme and artifice to engage in wire fraud in violation of 18 U.S.C. § 1343.  The Complaint further alleged that the loss from the wire fraud scheme totaled $203,924.   The Complaint alleged specifically that on August 15, 2003, and February 24, 2004, Defendant engaged in wire fraud transactions by passing counterfeit checks at Circuit City in Memphis, Tennessee and Staples in Waycross, Georgia in order to purchase certain electronic equipment.

1

3.      On December 9, 2005, Defendant Webb was arrested and detained in the Eastern District of Missouri.

4.      On December 14, 2005, Magistrate Judge Thomas C. Mummert, III, of the Eastern District Court of Missouri entered an Order of Detention Pending Trial.  On this date, the parties notified the court in Missouri that they were considering a transfer of the matter pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  On this date, the court made no record finding that any time period was to be excluded pursuant to the Speedy Trial Act.

5.      No further proceedings took place until January 26, 2006.  A status conference was held on January 26, 2006.  At the status conference, Defendant asked that the matter be continued, and the court granted the motion to continue.

6.      At unspecified points between December 14, 2005, until February 27, 2006, Assistant United States Attorney Rudy engaged in discussions with Defendant's counsel about the terms of a Rule 20 transfer of Defendant to the Eastern District of Missouri, as well as the resolution of the case by plea agreement.  However, the parties were unable to reach an agreement on the terms of the plea agreement.  Thus, the parties never initiated any Rule 20 proceedings to transfer the case to Missouri.

7.      On February 27, 2006, Defendant asked to be transported to the Middle District of Florida.

8.      On March 9, 2006, Defendant was received for detention in the Middle District of Florida.

9.      On April 24, 2006, attorney Joseph Bodiford entered an appearance on behalf of

Defendant Webb.

10.    On June 1, 2006, an order was filed denying bond to Defendant.

11.    On June 10, 2005, the Government sent a plea agreement, waiver of indictment and draft information to Defendant. Defendant did not sign any of these documents. The Government never sent a written waiver of speedy trial to Defendant for his signature.

12.    On July 6, 2006, Defendant filed a Motion to Dismiss the Case and Charges Pending.

13.    On July 18, 2006, the Indictment was returned in open Court against Defendant. The Indictment alleges violations of a single statute, 18 U.S.C. § 1343. It further alleges approximately $150,000 in loss, which the Government concedes is a reduction from the $203,924 alleged in the Complaint. It also alleges the identical scheme within the time period included in the Complaint.

14.    The parties stipulate that the time period between March 9, 2006 and April 24, 2006, is non-excludable under the Speedy Trial Act. This is a forty-five (45) day non-excludable delay.

15.    The parties stipulate that the time period between June 2, 2006 and July 6, 2006, is non-excludable under the Speedy Trial Act. This is thirty-four (34) day non-excludable delay.

16.    The total stipulated period of non-excludable delay under the Speedy Trial Act is seventy-nine (79) days.

17.    The Court finds that the time period between December 14, 2005 and January 26, 2006, is non-excludable under the Speedy Trial Act. This time period includes forty-

three (43) days.

18.    The Court finds that Defendant has been detained for 122 non-excludable days
pursuant to §§ 3161 and 3164.


DISCUSSION

In the Motion, Defendant demands a dismissal with prejudice (or in the alternative without prejudice) of the criminal charges pending against him set forth in the July 18, 2006, Indictment.   In addition, Defendant demands to be released from custody. Specifically, Defendant argues that this relief is appropriate because the United States Government has violated his constitutional right to a speedy trial under the 5th and 6th Amendments to the United States Constitution.   Defendant also asserts that the Government has violated his statutory right to a speedy trial in violation of the Speedy Trial Act, 18 U.S.C. § 3161.  Finally, Defendant asserts that he is being wrongfully detained in violation of 18 U.S.C. § 3164 because his period of detention has exceeded ninety (90) days, taking into account all applicable exclusions provided under the statute.

The Government counters that to obtain a dismissal of charges for a violation of the right to a speedy trial under the Fifth Amendment and Sixth Amendment, Defendant must show actual prejudice and intentional misconduct or dilatory tactics.   The Government asserts that Defendant failed to make this showing.  In regard to Defendant's statutory "Speedy Trial" challenge, the Government contends that 18 U.S.C. §§ 3161(b) and 3162(a)(1) apply to pre-indictment delay in pursuing only the two charges related to the specific transaction dates identified in the Complaint.  The Government argues that the charges in the Indictment, which charge different transactional conduct, are not the same

charges alleged in the Complaint; therefore, the Indictment should not be dismissed.  With respect to the alleged unlawful detention, the Government contends only seventy-nine (79) days of excludable time have elapsed since Defendant's arrest; therefore, release under 18 U.S.C. § 3164 is not mandated.

Having considered the respective positions of the parties and having considered the evidence submitted in support of and in opposition to the Motion, the Undersigned finds that the Government has violated the Speedy Trial Act pursuant to 18 U.S.C. §3161(b) and 18 U.S.C. §3162(a)(1).   Accordingly, the Undersigned REPORTS and RECOMMENDS that the Motion be **GRANTED,** that the Indictment be **DISMISSED WITHOUT PREJUDICE,** and that Defendant be released from custody.   The Court additionally finds that Defendant's pretrial detention period is now in violation of 18 U.S.C. § 3164.   Thus, the Court REPORTS AND RECOMMENDS that even if the Court determines that the Speedy Trial Act has not been violated, Defendant must still be released from custody immediately on suitable conditions of pretrial release determined and accepted by the parties conditionally at the hearing on this motion.

SPEEDY TRIAL UNDER THE FIFTH AMENDMENT

In order to establish that a defendant's due process rights have been violated under the Fifth Amendment resulting from pre-indictment delay by the Government, a defendant must show: 1) the defendant incurred substantial prejudice as a result of the delay and 2) the Government intentionally delayed in filing the indictment in order to gain a tactical advantage.  See U.S. v. Radue, 707 F.2d 493, 495 (11th Cir. 1983).  Failure to satisfy either showing defeats a Fifth Amendment due process claim brought for delays in prosecution.

In the instant case, Defendant argues that he has incurred substantial prejudice as

a result of the pre-indictment delay citing his prolonged incarceration and its attendant detriment to his personal life and family.  Even assuming the harsh detriment associated with incarceration, Defendant did not incur constitutional prejudice from the delay because he has been on notice of the charges in this case since his arrest and has always been afforded the right to counsel.

As to the second prong, Defendant failed to put forth any evidence that the Government intentionally delayed filing the Indictment in order to gain any tactical advantage in this case.  Thus, even if Defendant could show actual prejudice, he has failed to show that the second factor of the test has been met; therefore, Defendant cannot meet his burden of proof in support of his claim under the Fifth Amendment.

SPEEDY TRIAL UNDER THE SIXTH AMENDMENT

In order to trigger any speedy trial analysis under the Sixth Amendment, a defendant must show that the interval between accusation and trial has caused presumptively prejudicial delay.  See Doggett v. U.S., 505 U.S. 647, 651-652 (1992).  A pretrial delay is presumptively prejudicial as the delay approaches one year.  Id. at 652 n. 1.  However, an eight-month delay between accusation and arrest has been found insufficient to trigger Sixth Amendment a speedy trial analysis in support of a claim of violation.  U.S. v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996).  Defendant notes as a relevant distinction that the Derose case arose in the context of a non-detained defendant.  That distinction was not raised to the Court or addressed by it. The distinction also does not appear in any of the cited cases.

Defendant was charged by complaint on November 16, 2005, and has not yet been tried.  Thus, the interval between arrest and trial has been approximately eight months.

6

As such, the challenged delay between arrest and trial in this case is not presumptively prejudicial.   Id.   Since the delay is not presumptively prejudicial, no further Sixth Amendment analysis is required, and Defendant's asserted violation of the right to a speedy trial under the Sixth Amendment fails.

SPEEDY TRIAL UNDER THE SPEEDY TRIAL ACT

Defendant has asserted a valid claim that the Government violated his right to a speedy trial under 18 U.S.C. § 3161(b) and 18 U.S.C. § 3162(a)(1).  Pursuant to 18 U.S.C. § 3161(b), any information or indictment charging an individual with the commission of an offense shall be filed within thirty (30) days from the date on which such individual was arrested or served with a summons in connection with such charges.  Certain delays are statutorily recognized as excludable from this calculation, and other delays may be excluded upon an appropriate and express finding by the Court.  18 U.S.C. § 3161(h) (2006).  Pursuant to 18 U.S.C. § 3162(a)(1), if 18 U.S.C. § 3161(b) is violated, the charges pending against an individual in the infirm indictment shall be dismissed with or without prejudice.   The statutory language of the Act requires only dismissal of the charges contained in the original complaint.  18 U.S.C. § 3162(a)(1) (2006).  Thus, a subsequent, untimely indictment that charges a defendant with a separate and distinct offense from the offense alleged in the original complaint should not be dismissed.  U.S. v. Derose, 74 F.3d 1177, 1184 (11th Cir. 1996).

Both parties in this case agree that at least seventy-nine (79) non-excludable days have elapsed on the speedy trial clock.  This undisputed period of time includes the first thirty-four (34) day period from June 2, 2006, when Defendant was denied bond, until July

6, 2006, when Defendant filed a Motion to Dismiss the Charges.[1]  This undisputed, non-excludable time also includes the forty-five (45) day period from March 9, 2006, when Defendant was detained in the Middle District of Florida after being transferred until April 24, 2006, when Attorney Joseph Bodiford made an appearance on behalf of Defendant (See ¶ 9 above).  This seventy-nine (79) day period between Defendant's arrest and indictment is well beyond the thirty (30) day delay permitted by 18 U.S.C. § 3161(b).

The Government argues, however, that even though the time period between Defendant's arrest and indictment far exceeds the thirty (30) day requirement of the Act, the charges lodged in the Indictment should not be dismissed.  The relevant section of the Act provides, "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with *such charges*."  18 U.S.C. § 3161(b) (2006) (emphasis added).  The Government contends here that the Indictment does not charge the same "such charges" as were alleged in the Complaint; therefore, the charges in the Indictment should not be dismissed. (Dkt. 31-1)

Specifically, the Government contends that the ten (10) counts of wire fraud in the Indictment are each a separate unit of prosecution and alleging a specific wire fraud transaction is essential to asserting a charge under 18 U.S.C. § 1343.  Id.  The Government asserts further that there were only two specific wire fraud transactions listed by date in the Complaint.  Id.  These transactions are alleged in the Complaint as occurring

---

[1] This calculation assumes that the disputed,  forty-three (43) day period from December 14, 2005 until January 26, 2006, is excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).  This is discussed in more detail *infra* at pg. 15.

on August 15, 2003 and February 24, 2004.  Id.  The Government concludes, therefore, that neither of the dated transactions charged in the ten counts of wire fraud alleged in the subsequent Indictment overlaps with the transaction dates referred to in the Complaint. Id.  The Government suggests this even though the exact same scheme is alleged in both the Complaint and the Indictment, including loss values, dates of the scheme generally, and means and methods of furthering the scheme.

It is undisputed that the Government in this case is free to file any timely information or indictment charging Defendant with the commission of a different offense than those alleged in the original Complaint.  18 U.S.C. §§ 3161(b) and 3161(a)(1).  Courts addressing this issue have confirmed that the Speedy Trial Act does not preclude the Government from charging a defendant with new and distinct offenses even if those offenses arise from the same facts that are alleged in the initial complaint.  U.S. v. Nixon, 634 F.2d 306 (5th Cir. 1981).  All attempts to expand the reach of the Act have generally been rebuffed by the Eleventh Circuit.  See U.S. v. Brooks, 670 F. 2d 148 (11th Cir. 1982) (calling into question the so-called "gilding exception" to the limitation of the rule).

In Nixon, a complaint charging counterfeiting was filed against the defendant, and he was arrested two days later.  Id. at 307.  Subsequently, the counterfeiting charges were voluntarily dismissed in response to a speedy trial motion.  Four years later, the defendant was tried and convicted of perjury in denying to a grand jury any complicity with the counterfeiting.  Id. at 307.  The defendant contended that the indictment, including the perjury charge, should have been dismissed because the delay between his initial arrest for counterfeiting and his trial for perjury violated his right to a speedy trial.  Id. at 308.  The Court ruled, however, that the indictment should not have been dismissed since the perjury

9

charge was a separate and distinct offense from the counterfeiting charge, even though the perjury charge arose from the same facts as the counterfeiting charge. Id. at 309. As such, the Court held that the perjury conviction did not violate the defendant's speedy trial rights because it was not the same "such charge" as was alleged in the initial complaint. Id. at 309.

Thus, this Court must consider whether the Indictment in the instant case alleges the same charges that are alleged in the Complaint. The Ninth Circuit considered this question in a closely analogous case. U.S. v. Palomba, 31 F.3d 1456 (9th Cir., 1994).

In Palomba, the defendant was arrested based on a criminal complaint that charged the defendant with false statements, mail fraud and conspiracy under 18 U.S.C. §§ 1001, 1341, and 371, respectively. Id. at 1459. A timely indictment was filed charging the defendant with one count of conspiracy to defraud and one count each of false statements under 18 U.S.C. §§ 371 and 1001, respectively. Subsequently, an untimely indictment was eventually filed that charged the defendant with two counts of mail fraud under 18 U.S.C. § 1341, one count of wire fraud under 18 U.S.C. § 1343, and one count of false statements under 18 U.S.C. § 1001. Id. at 1460. The defendant argued that his counsel was ineffective for failing to seek dismissal under 18 U.S.C. § 3162(a)(1) of the allegations of mail fraud under 18 U.S.C. § 1343 in the superseding indictment because those charges, which were included in the complaint but excluded from the initial indictment, were brought more than thirty days after the arrest of the defendant, in violation of 18 U.S.C. § 3161(b). Id. at 1463.

In assessing whether the mail fraud charges in the superseding indictment should have been dismissed, the Ninth Circuit reasoned,

10

"the government may prosecute a defendant accused in a complaint and untimely charged in a subsequent indictment when the respective offenses are punishable under different statutes, despite the fact that they arose from the same criminal transaction. . . . By the same token, where as here, the charges in the complaint and a later indictment are brought under the same statute, such charges shall be dismissed under Section 3161(b), absent substantial discrepancies in time, place and manner between the underlying criminal episodes 'apparent on the face of the complaint'."

Id. at 1464 (citing U.S. v. Pollock, 726 F.2d. 1456, 1462-1463 (9th Cir. 1984)(holding in a speedy trial challenge that dismissal was required only of the conspiracy offense charged in the initial complaint and not the fifty counts of criminal conduct alleged in the indictment)).  Thus, the Ninth Circuit ruled that the Government failed to demonstrate convincingly that the superseding indictment charged distinct mail fraud offenses, as opposed to merely setting forth in greater detail the conduct giving rise to the mail fraud counts that were raised in broad terms in the complaint, and as a result, the charges of mail fraud should have been dismissed.  Id. at 1464.

Other courts considering this issue have suggested a similar analysis.  That is, the Court should consider the statutory violation identified in the complaint and determine whether the elements required to prove the violation charged in a subsequent, untimely indictment are the same.  U.S. v. Velasquez, 890 F.2d 717, 720 (5th Cir. 1989) and U.S. v. Lewis, 156 F. Supp.2d 1280, 1286 (M.D. Fla., 2001) (ruling that the elements and therefore the charges of possessing a controlled substance with the intent to distribute and conspiracy to commit the same offense are "separate and distinct" under the Speedy Trial Act); United States v. Napolitano, 761 F.2d 135, 139 (2d Cir. 1985) (holding that false application for a bank account is "entirely different from" larceny of bank funds for purposes of the Speedy Trial Act); U.S. v. Hinch, 308 F. Supp.2d 599, 601 (N.D. Md., 2004) (holding

that the defendant's criminal complaint  charged the same offense that was the subject of the indictment, for purposes of the Speedy Trial Act, even though the scheme charged in the indictment involved a slightly longer period of time and greater sum of money, where both the complaint and the indictment charged the defendant with a complicated theft scheme during the period of time that he supervised a pro shop for a federal golf course). Furthermore, it is clear that Congress intended for the courts to apply a simple analysis when considering this issue.  See U.S. v. Pollock, 726 F.2d at 1462-1463 (9th Cir. 1984) (explaining that Congress did not intend for the courts to engage in the complex task of investigating the relationship between conduct underlying the offenses charged in the complaint and the indictment) (citing A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974, (Fed. Judicial Center 1980 at 32-33)).

Applying this same reasoning, the Court finds that the charges alleged in the December 2005 Complaint, on which Defendant has been held for approximately eight months, are the same charges that are alleged in the Indictment.  Comparing the two charging documents, it is facially apparent that the charges alleged in the Indictment include the same statutory violation, the same elements, the same scheme, the same facts, and the same time period as the charges in the Complaint.  The counts of wire fraud alleged in both the Complaint and the Indictment are brought pursuant to 18 U.S.C. § 1343.  Obviously then, the same essential elements are required to prove the wire fraud counts alleged in both charging instruments: 1) the scheme by Defendant to defraud various merchants and Certegy Company of money; 2) the specific intent to defraud various merchants and Certegy Company of money; and 3) the specific use of wires in order to further the same scheme.

12

Both the Complaint and the Indictment allege that Defendant participated in the same scheme to defraud various merchants and Certegy Company of money.  (Dkts. 1, 20).  Moreover, the same facts underlying the wire fraud scheme are alleged in both the Complaint and the Indictment.  It is alleged in both charging instruments that Defendant traveled to different states to pass counterfeit checks as a part of the scheme.  (Dkts. 1, 20).  Furthermore, both allege that as a part of the scheme, Defendant purchased electronics from various retail stores with counterfeit checks.  (Dkts. 1, 20).

Although only two specific transaction dates were specifically alleged, at least six different uses of counterfeit checks were also listed by check and check numbers in the Complaint. (Dkt. 1).  Moreover, nine aliases associated with fraudulent checks are specified in the Complaint.  The Government's handwriting expert analysis confirmed in the Complaint that "'Frederick Webb probably executed' all of the checks they received from this investigation."  (Dkt. 1) See ¶ 22.

Furthermore, the two specifically alleged transaction dates listed in the Complaint, to which the Government suggests that this Court's analysis should be confined, constituted a total loss of approximately $7,000.  Accepting that as the sole basis of the Complaint would require the Court also to accept that the Government has detained this Defendant for approximately eight months for a $7,000 loss.  To the contrary, it is apparent on the face of the Complaint that the Government pursued Defendant for his alleged participation in a broad wire fraud scheme totaling over $203,000 in losses.  In sum, it is plainly disingenuous for the Government to suggest that the Complaint alleged only two wire fraud transactions.

The Government's reliance on cases which hold that each transaction in an indictment is a separate offense even if the same scheme is alleged in each count, is misplaced.  (Dkt.

13

31-3)(citing U.S. v. Garlick, 240 F.3d 789 (9th Cir. 2001) and U.S. v. Gallardo, 915 F.2d 149 (5th Cir. 1990)).  Both cases addressed whether the Government was attempting to assert multiple violations for the same conduct in violation of the defendants' double jeopardy rights. Id.  The courts concluded, not surprisingly, that each violation in furtherance of the scheme alleged in the initial charging documents constituted a different count, and therefore, did not violate the defendants' double jeopardy rights.  Id.   Each use of the wires as a part of a fraudulent scheme is a separate offense pursuant to 18 U.S.C. § 1343.  Thus, it is not disputed in this Motion that all ten counts in the Indictment filed on July 18, 2006, constitute separate offenses, even if the same scheme is alleged in all ten counts.

However, the issue at hand is not whether the counts in the initial charging instrument violate principles against double jeopardy, but whether under the Speedy Trial Act the counts in the Indictment are separate and distinct from the counts in the initial Complaint.

Were the law as the Government suggests, the Government could allege a broad wire fraud scheme, a broad time period, and a single count of wire fraud within a criminal complaint brought under that scheme.  It would then be able to arrest and detain a defendant indefinitely on that single count in the complaint, filing a subsequent indictment at its leisure.  On a subsequent indictment, the Government could then abandon the single wire fraud transaction alleged by specific date in the complaint and then proceed on all other transactions within the same schematic time frame, involving the same losses.  Thus, the Government could always circumvent the Speedy Trial Act in a mail fraud case while securing the defendant's detention on the same scheme and charges.  This proposal contravenes the plain language of the Act, as well as its underlying purpose, and if true,

14

it would implicate the Government's intentional, dilatory conduct under the Fifth Amendment.  Accordingly, the Court finds that the charges alleged in the Complaint are the same as the charges that are alleged in the subsequent Indictment.  In this case, the elements, the scheme, the time frame, and the facts of the charges are identical.  The Court, therefore, REPORTS and RECOMMENDS that the Indictment should be DISMISSED as a result of the Government's violation of 18 U.S.C. § 3161(b).

DISMISSAL WITHOUT PREJUDICE

Having determined that the Indictment should be dismissed, the Court next considers whether the dismissal should be with or without prejudice.  When considering whether to dismiss with or without prejudice, the Court looks to three statutory factors: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to dismissal; and 3) the impact of a reprosecution on the administration of the Act and on the administration of justice.  U.S. v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984); See also U.S. v. Williams, 314 F. 3d 552, 557 (11th Cir. 2002).  The Act and controlling precedent considering the Act do not express a preference for prejudicial or non-prejudicial dismissal.  U.S. v. Russo, 741 F. 2d at 1266-1267.  The decision of which sanction is appropriate is a matter left to the sound discretion of the Court after consideration of the factors enumerated above.  Id. at 1267.

Applying the statutory elements, the Court finds that the alleged violations of 18 U.S.C. § 1343 are serious offenses.   In this case, Defendant allegedly perpetuated a scheme of fraud over the course of ten months, impacting many states, many victims and causing losses exceeding $200,000.  The penalties subject Defendant to up to five years imprisonment for each offense and fines of up to $1,000,000, excluding restitution

15

obligations.

Second, as noted previously, it has not been alleged that the Government delayed filing the Indictment in order to gain a tactical advantage.   While the circumstances surrounding this case suggest sloth and negligence in the management of the file, the evidence does not establish bad faith on the part of the Government.

Finally, dismissal without prejudice would further the administration of the Act and the administration of justice.   Dismissal of the Indictment without prejudice would not impede the administration of the Act.   Its purposes would be served by requiring the Government to meet its obligations under the Act and, in this case, would permit Defendant to be released on terms and conditions as the investigation proceeds.   Furthermore, reprosecution would further the proper administration of justice in light of the serious nature of wire fraud.   First, in this regard, there is a question about whether venue properly lies in the Middle District because the only apparent link to the jurisdiction is that Certegy, the check clearing house through which Defendant's alleged fraudulent checks were processed, was located in the Middle District.   On further reflection, the matter may be addressed in a jurisdiction with closer ties to the offense conduct.   Additionally, dismissal without prejudice would permit the Court to preserve this prosecution on the federal level to avoid piecemeal prosecutions in the various states whose laws were allegedly violated by the Defendant.   Based on these considerations, the Court REPORTS and RECOMMENDS that the charges in the Indictment should be DISMISSED WITHOUT PREJUDICE.

RELEASE

The final issue raised by Defendant is that he should be released from detention. Because the Court finds that the Indictment must be dismissed, no basis exists to continue detaining Defendant. The only statutory authorization for detention is 18 U.S.C. § 3041, which provides for detention on a proper showing connected with a complaint, information, or indictment properly before the federal court. In certain circumstances the Government may request continued detention pending re-indictment. Federal Rule of Criminal Procedure 12(g). That relief is foreclosed here, however, because as set forth below the Defendant has also proven that the Government's extended detention of him violates 18 U.S.C. § 3164.

In fact, even if the Court were to reject the Report and Recommendation and decline to dismiss the Indictment, the Defendant's continued detention would violate 18 U.S.C. § 3164(b). That statute dictates that the trial of a detained person <u>shall</u> commence not later than ninety (90) days following such continuous detention (emphasis added). The statute further notes that the periods of delay enumerated in § 3161(h) are excluded in computing the time limitation specified in the statute. Moreover, 18 U.S.C. § 3164(c) states that failure to commence trial of a detainee as specified shall result in the automatic review by the court of the conditions of release and that no detainee shall be held in custody pending trial after the expiration of the ninety (90) day period. Thus, release of a defendant is not discretionary where a violation has been shown.

Defendant argues that he has been in custody 122 days of non-excludable time, thus, well over the ninety (90) day limit. The Government contends that the forty-three (43) additional days are excludable. Thus, Defendant's non-excludable days total seventy-nine

(79), eleven days short of the ninety (90) days needed to trigger application of the statute.

The Court finds that Defendant is correct in his contention that he has been in custody a total of 122 non-excludable days under the statute.   Defendant asserts specifically that this time period includes: 1) the disputed delay, from initial detainment on December 14, 2005, until Defendant's status conference on January 26, 2006 (43 days); 2) the stipulated delay, from arrival in Florida on March 9, 2006, until appearance made on behalf of Defendant on April 24, 2006 (45 days); and 3) the stipulated delay, from denial of bond on June 2, 2006, until filing of this Motion on July 6, 2006 (34 days).

The Government is incorrect in its contention that the first forty-three (43) day period is fully excludable time pursuant to 18 U.S.C. § 3161(h)(1)(G).  The section of the statute relied on by the Government excludes from computation any period of delay resulting from other proceedings concerning the defendant, including but not limited to delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure. 18 U.S.C. § 3161(h)(1)(G) (2006).  The Government points out that the minutes in Defendant's Initial Appearance Hearing reflect that the court ruled that the parties believed that a Rule 20 transfer would occur in this case.  The Government contends further that all of the negotiations that occurred after Defendant's Initial Appearance and before his bond hearing are related to transfer of a case or removal of a defendant from another district pursuant to Rule 20 of the Federal Rules of Criminal Procedure.  Finally, the Government contends that all of the negotiations constituted "proceedings" under 18 U.S.C. § 3161(h)(1)(G). Thus, the Government concludes that the time period between December 14, 2005 and January 26, 2006, is excludable, and Defendant's seventy-nine (79) days in detention does not violate

18

18 U.S.C. § 3164(b).

The Court finds that the negotiations which took place from December 14, 2005 until January 26, 2006, were not solely related to obtaining a Rule 20 transfer of Defendant. First, the Government failed to produce evidence supporting this contention.  At the hearing, the Government was unable to list dates or describe the subject matter of the negotiations.[2]  Second, the affidavit of Assistant United States Attorney Rudy reveals clearly that the ongoing negotiations were primarily regarding a plea agreement to resolve the case entirely.  (Dkt. 31), <u>See</u> ¶ 4.  In one paragraph of the affidavit, Assistant United States Attorney Rudy stated that for about three months he and defense counsel discussed "initiating a Rule 20 transfer."  (Dkt. 31), <u>See</u> ¶ 9.  However, it was not until the negotiations regarding the plea agreement proved unsuccessful that any proceeding was commenced and the transfer to the Middle District was sought.  <u>Id.</u>  The Government sought a plea agreement and a waiver of indictment, but it never sought a written waiver of speedy trial rights from Defendant.

Even assuming that the negotiations were solely related to obtaining a Rule 20 transfer, they are not "proceedings" excludable under  18 U.S.C. § 3161(h).  First, the Government failed to produce caselaw in support of its assertion that the negotiations are "proceedings" under the Act.  Furthermore, although the parties notified the court in Missouri of the Rule 20 transfer possibility at Defendant's Initial Appearance Hearing, the Government did not ask that Judge Mummert exercise discretionary authority to exclude

---

[2] Assistant United States Attorney Rudy negotiated with Defendant during this period of time.  Despite the fact that he is an Assistant United States Attorney, albeit for the Middle District of Florida, Tampa Division, in the civil division, he was conspicuously absent from the hearing, appearing only by affidavit.

the negotiations surrounding the Rule 20 transfer for the speedy trial calculation.  See Zedner v. U.S., 126 S. Ct. 1976, 1978 (1976) (ruling that 18 § U.S.C. 3161(h)(8) permits a court to grant a continuance and exclude a delay if it makes an express finding that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial).   Finally, giving the word "proceedings" its plain, ordinary meaning, "an action, hearing, trial, or application before the court," would further undermine the Government's suggestion.  Merriam-Webster's Dictionary of Law, Merriam-Webster, Inc. (August 24, 2006), available at http://dictionary.reference.com.   No motion or application for a Rule 20 transfer was ever made in this case.   The proceeding that stopped the accrual of non-excludable time in this instance was the motion of the Defendant to be transferred to the Middle District of Florida.  See ¶ 7.  As such, the Court finds that the negotiations did not constitute "proceedings" under the Act and the forty-three (43) day interval is not excludable in calculating the time that Defendant has been detained.[3]

Accordingly, the Court finds that the forty-three (43) day delay from December 14, 2006, until January 26, 2006, cannot be excluded pursuant to §§ 3161(h)(1)(G) and 3164(b).  This leaves the total number of non-excludable pretrial detention days at 122 days.  As such, the Government is in violation of the ninety (90) day delay permitted by 18 U.S.C. § 3164(b).  Therefore, the Court REPORTS and RECOMMENDS that Defendant must be released from custody under the terms and conditions agreed to by the parties at

---

[3] Although it was addressed at the hearing, the excludable time incurred transporting Defendant from Missouri to Tampa is not relevant since it is not a period of time in dispute.  See 18 U.S.C. § 3163(h)(1)(H).

the hearing, including posting sufficient bond as will be directed by the Undersigned Magistrate Judge.

CONCLUSION

Based on the foregoing, the Undersigned finds that the Government violated Defendant Webb's right to a speedy trial under 18 U.S.C. § 3161(b), since the Indictment was filed more than thirty (30) days after Defendant's arrest.   Furthermore, the Undersigned finds that the charges should be dismissed without prejudice.   Finally, the Undersigned finds that Defendant has been detained for more than ninety (90) days while awaiting trial in violation of 18 U.S.C. § 3164(b).   Accordingly, the Undersigned REPORTS and RECOMMENDS that Defendant's Motion to Dismiss the Charges be GRANTED WITHOUT PREJUDICE, and Defendant be RELEASED subject to the conditions of supervised release agreed to by the parties at the hearing subject to the bond to be set by the Undersigned.

**DONE** and **ORDERED** in Tampa, Florida this 5th day of September 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies furnished to:

Counsel of Record

21